# UNITED NATIONAL BANK OF MIAMI v CITY OF NORTH MIAMI BEACH, et al.

## Case No. 84-170-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

September 20, 1985

### APPEARANCES OF COUNSEL

**Robert D. Korner** for appellant.

**Howard Lenard,** City Attorney, **Lauren Miller,** Assistant City Attorney, and **Mallory H. Horton** for appellees.

Before GOLDMAN, SMITH, and SALMON, J.J.

### OPINION OF THE COURT

PER CURIAM.

Two questions are presented for our review: the propriety of resolutions granting non-use variances for signs and a resolution deviating from the parking space requirement ordinance.

Our review of the record demonstrates no grounds to set aside the resolutions of the city granting non-use variances respecting use and maintenance of signs.

The second question is not as easily determined.

The property involved is well known to the litigants and much of the public who travel in the area. Without much question, a user of this commercial property, not only the appellee Peaches, but a predecessor, Wolfies Restaurant, could not use the property and comply with the parking space requirements. In the opinion of this court, a hardship exists, but is it one that can be cured by granting a variance? *Elwyn v. City of Miami*, 113 So.2d 849 (Fla. 3rd DCA 1979) answers that question by stating:

> But "unnecessary hardship" as used in the city charter, and as contemplated in this sense, has been given a special and limited meaning. The authorities seem uniform on the proposition that the difficulties or hardships relied on must be unique to the parcel involved in the application for the variance. They must be peculiar to that particular property, and not general in character, since difficulties or hardships shared with others in the area go to the reasonableness of the zoning generally and will not support a variance. If the hardship is one which is common to the area the remedy is to seek a change of the zoning for the neighborhood rather than to seek a change through a variance for an individual owner. Thus some exceptional and undue hardship to the individual land owner, unique to that parcel of property and not shared by property owners in the area, is an essential prerequisite to the granting of such a variance.

The record presented to us shows that there is hardship, but it is not unique to Peaches' property; it is shared by many in the area.

Accordingly, Resolution No. R 84-51 of the City of North Miami Beach is reversed as to Section 1, and otherwise affirmed and remanded to the City for appropriate action not inconsistent with this opinion.

GOLDMAN,[1] SMITH and SALMON, J.J., concur.

---

[1] Judge Goldman did not participate in oral argument; his decision is based upon the record and briefs only.